IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

BRIAN RIGGINS
    Petitioner,

vs.

Docket No.: 2:09-CR-143-1

UNITED STATES OF AMERICA
    Respondent.
_____/

### RIGGINS' REPLY TO THE GOVERNMENT'S SUPPLEMENTAL MEMORANDUM RESPONSE TO TITLE 28 U.S.C. § 2255

COMES NOW Brian Riggins with this reply to the Government's supplemental memorandum response to the Title 28 U.S.C. § 2255 and in support thereof provides as follows:

On August 17, 2015, the Government filed a supplemental memorandum in response to the Title 28 U.S.C. § 2255 to clarify previously filed response in opposition. Interestingly enough, AUSA Sean Toomey states in the supplemental response:

> "while the government is not privy to conversations between Riggins and his trial counsel, the undersigned Assistant United States Attorney personally explained to Riggins on multiple occasions during meetings with Riggins, his counsel, and FBI Special Agent Todd Schliem that if convicted after trial he faced a mandatory life sentence due to the government's filing of the sentencing enhancement.

*Id.* (D.E. 119)

Riggins provides to the Court that although there were conversations with AUSA Toomey, *he was not privy to any conversations regarding possible sentencing enhancements.* Quite to the contrary, Riggins presents via a subsequent sworn

affidavit that he never discussed specifics of sentencing enhancements with the Government or his attorney. He recalls being present at meetings regarding other matters, but does not know when AUSA Toomey talked to his attorney regarding the § 851 sentence enhancement's and the plea agreement. Riggins does not deny thee conversations occurred; he was just not made aware of those conversations nor was he part of the conversations.. Had he known of the § 851 repercussions with the use of 2 priors, he would not have proceeded to trial and would have pled guilty with or without a plea agreement, thus mitigating the overall term of incarceration. (See Exhibit A) However, in light of the government's plea offer, there should be no doubt that Riggins would have avoided proceeding to trial.

Due to the Government's candor that they did "personally offer Riggins[1] an opportunity to plead guilty to possession with intent to distribute five kilograms or more of cocaine hydrochloride and one United States Code, Section 851 sentencing enhancement (admitting one prior felony drug conviction)" the record now as it stands before the Court, supports Riggins' position that he would have accepted the plea offer had he known it existed. Had the Government not filed this supplemental response the Court would have never known that the possibility of avoiding a life sentence existed. This the reason why an affidavit from counsel was required, to contest, or agree with what Riggins was alleging in his § 2255. As presented in the supplemental sworn affidavit attached to this reply and the sworn affidavit attached to the original § 2255, the Court must agree that an issue of fact is not

---

[1] Although the Government states that they advised "Riggins," ... _they might have advised Riggins' counsel_, not Riggins directly.

2

disproved and therefore an evidentiary hearing is required. Riggins has already filed a motion for reconsideration under Rule 59 requesting the Court amend the final judgment and grant a hearing.[2] The Government has indirectly advised the court that a hearing is required.[3] Furthermore, the Government is correct in that had Riggins accepted that offer, he would not serve a mandatory life in prison but would only be exposed to a minimum mandatory term of incarceration.[4]

Since AUSA Toomey has now presented evidence to establish that a plea offer was in fact presented, and that he [AUSA Toomey] is not aware of what conversations *if any* counsel had with Riggins after their conversations regarding plea negotiations, the Court must agree that an issue of material fact exists on the record that cannot be disproved. Now, although the Government in their

---

[2] See, *Kelly v. Moore*, 376 F.3d 481, 484 (5th Cir. 2004)(The district court, acting on its own motion, must rule within ten days after entry of judgment. MOORE'S FEDERAL PRACTICE CIVIL § 59.11[1][a] (citing *United States Leather, Inc v. H & W P'ship*, 60 F.3d 222, 225 (5th Cir. 1995))("The 10-day filing period is mandatory and jurisdictional, and may not be extended by the court or by stipulation or waiver of the parties."). However, the ten-day period does not apply to a decision based on a reason not stated in a timely filed Rule 59 motion. *See id.* at § 59.11[2][b]; *Peterman v. Rock Island & Pac. R.R.*, 493 F.2d 88, 91 (8th Cir. 1974) ("The 1966 amendment ... constitutes a change in the law granting authority to the trial court to grant a new trial outside the limitation period for reasons initiated by the court, but only in the event a party has already served a motion for a new trial.") (citations omitted).

[3] Despite the fact that the undersigned Assistant United States Attorney personally communicated this offer to Riggins during multiple meetings with him, his lawyer, and the FBI special agent, there is no evidence of what, if any, conversations Riggins had with this counsel regarding that offer. As a result, the government is unable to properly evaluate whether that assistance was constitutionally sound.

[4] Although Riggins final guideline range may be determined to be higher than the minimum 20 year term of incarceration, that issue should be resolved after the Probation Officer amends the Presentence Investigation Report. Irrespective, had Riggins known of the <u>minimum mandatory 20 year sentencing exposure plea agreement, he would have never proceeded to trial and would have avoided a mandatory life term of incarceration</u>.

3

supplemental response take the position that they [AUSA Toomey] personally communicated this offer to Riggins on multiple meetings, which Riggins steadfastly denies as having occurred, AUSA Toomey has now become a witness to this proceeding. AUSA Toomey's statements cannot be considered an alternative for the granting of an evidentiary hearing. See *Machibroda v. United States*, 368 U.S. 487 (1962)(AUSA's sworn statements cannot defeat the right to an evidentiary hearing); *Scott v. United States*, 349 F.2d 641 (6th Cir. 1965); *United States v. White*, 366 F.3d 291 (4th Cir. 2004) (AUSA's unsworn statements are not evidence).

As such, since AUSA Toomey has become potential a witness to the § 2255 and since the Government cannot conclusively evaluate whether counsel in fact advised Riggins of the availability of this offer after the meetings, this Court must agree that in light of the Government's candor that an evidentiary hearing must be granted. The record does not contain any affidavits from counsel addressing the extent of discussions, if any, with Riggins regarding this new revelation.

Wherefore, in light of the Government's concessions that a plea offer was in fact tendered and in light of the sworn affidavits before this Court conclusively establishing that Riggins would not have proceeded to trial and would have accepted the plea offer coupled with the lack of affidavit from trial counsel discrediting any of the allegations raised by Riggins, this Court must agree that the granting of an evidentiary hearing is in fact required to clarfy the allegations of ineffectiveness.

Done this 21 day of August 2015.

Respectfully submitted,

_____
Brian Riggins
Reg. # 31690-034
Coleman USP II
P.O. Box 1034
Coleman, FL 33521

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY, that a true and correct copy of this motion was mailed to, U.S. Attorney's Office, 500 Poydras Street, Room B210, New Orleans, Louisiana 70130.

Done this 21 day of August 2015.

Respectfully submitted,

_____
Brian Riggins
Reg. # 31690-034
Coleman USP II
P.O. Box 1034
Coleman, FL 33521

5

062S0007956043

$0.71
US POSTAGE
FIRST-CLASS
FROM 33156
AUG 21 2015
stamps.com

Brian Riggins
Reg. # 31690-034
Coleman USP II
PO Box 1034
Coleman FL 33521-1034

Legal Mail

USDC Eastern District Louisiana
Clerk of Court
500 Poydras Street Ste 151
New Orleans LA 70130-3367

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

BRIAN RIGGINS,

        Petitioner,

vs.                                 Docket No.: 2:09-CR-143-1

UNITED STATES OF AMERICA

        Respondent.

_____/

TENDERED FOR FILING

AUG 2 6 2015

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## SWORN AFFIDAVIT OF BRIAN RIGGINS

    COMES NOW Petitioner Brian Riggins with this sworn affidavit in support of his reply to the Government's supplemental response to the Title 28 U.S.C. § 2255 and in support thereof provides as follows:

    1.    After reading the Government's supplemental response, I was shocked to see that an actual plea offer that would have eliminated the mandatory life sentence was presented to my counsel.

    2.    I recall having conversations with my counsel where AUSA Toome they did not address the possibility of accepting a plea offer that would expose me to a term of incarceration of less than mandatory life. I never contemplated that I would be sentenced to a life sentence if convicted.

    3.    I never saw the Government's plea offer and never discussed the availability of this plea offer with my trial attorney Mr. Toale.

4. Had it not been for the Government's candor in the supplemental response, the Court would have never been aware of the tendered offer and I would have never known that such an offer was made.

5. As presented in my original Title 28 U.S.C. § 2255's sworn affidavit, had I known that if I proceeded to trial and was convicted I would receive a life sentence and that a plea offer existed, I would immediately have accepted the plea offer and would have not proceeded to trial. The lack of information on the possible life sentence and the failure to advise me of the plea offer was detrimental to my decision to proceed with the trial.

6. I never knew that mandatory life was a possibility if I proceeded to trial and never knew of the plea offer. Had I known, I would not have proceeded to trial.

7. I relied increasingly on my attorney's advice and do not understand why Mr. Toale never advised me that the Government had tendered such an offer.

I provide the foregoing affidavit under penalty of perjury pursuant to Title 28 U.S.C. § 1746 as the facts contained herein are true to the best of my knowledge and belief.

Done this  21 day of August 2015.

Respectfully submitted,

*Brian Riggins* (signature)

Brian Riggins
Reg. # 31690-034
Coleman USP II
P.O. Box 1034
Coleman, FL 33521

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY, that a true and correct copy of this motion was mailed to, U.S. Attorney's Office, 500 Poydras Street, Room B210, New Orleans, Louisiana 70130.

Done this  21 , day of August 2015.

Respectfully submitted,

*Brian Riggins* (signature)

Brian Riggins
Reg. # 31690-034
Coleman USP II
P.O. Box 1034
Coleman, FL 33521